# Charles E. Deane et al., Partners as Deane Bros., v. John A. Tolman Co.

1. HARMLESS ERROR—*Refusing to Strike a Plea from the Files.*— Where a plea filed does not change the issues or cast upon the plaintiff any extra burden, it is an immaterial plea, but a refusal to strike it from the files is not reversible error.

2. ASSIGNMENT—*Of a Specified Fund to One Creditor Not General Assignment.*—An assignment of a specified fund to one creditor to secure his debt due is not a general assignment and is not obnoxious to the law of Illinois.

**Attachment and Garnishment Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

PINNEY & ORR, attorneys for appellants.

SIMS & WATERMAN, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

September 12, 1896, appellants commenced a suit in attachment before a justice of the peace against A. W. and A. M. Brist, partners as A. M. Brist & Son, and caused garnishee process to be served upon McCormick Harvesting Machine Co. Upon the trial of that cause before the justice, appellee appeared and claimed that the money due from the garnishee to the defendant in attachment had been assigned to it, and that it was entitled to the same as against appellants. The justice entered judgment against the garnishee for $150 and against the appellee as to its claim. The garnishee appealed the case to the Circuit Court. No summons was served upon appellee, but it entered its appearance in that court. It also filed in that court its plea, setting up that it was entitled to the money or property in the hands of the garnishee.

Appellants moved to strike this plea from the files, and assign as error the overruling of such motion by the trial

court. The appellee was not required by law to file such plea. It could have asserted its rights just the same without that plea. But no demurrer was filed to it and no issue joined upon it. It was therefore immaterial whether such plea was or was not on file. It did not change the issue or cast upon the appellants any extra burden. Even if the contention of appellants that it should have been stricken from the files were held to be correct, no harm was done them by overruling their motion, and such ruling would not be a reversible error.

Brist & Son were indebted to appellee in the sum of $631.03 September 12, 1896, and that day assigned to appellee all moneys due to them from said garnishee. The garnishee was notified of such assignment of the money in its hands due to Brist & Son, and such assignment was exhibited to the agent of said garnishee at Millston, Wisconsin, at 6:30 o'clock P. M. of the day it was made, that is, September 12, 1896. An agent of the garnishee was served with process in Chicago the same day at 8:30 o'clock P. M. The notice by appellee to the garnishee of such assignment, and the claim of appellee to the funds in the garnishee's hands, was therefore prior in point of time to the notice by appellants, by service of the garnishee process.

It is contended by appellants that said assignment by Brist & Son to appellee was void, in that it gave preference to one creditor over other creditors. The assignment of the claim in question was not a general assignment. It was only an assignment of a specified fund to one creditor to secure a debt due to such creditor from the assignor. That is not obnoxious to the law of either Wisconsin or Illinois.

By the judgment of the Circuit Court, the claim and right of appellee to the fund in the hands of the garnishee was held to be paramount to the claim and right of appellants to that fund. No appeal is prosecuted to this court by the garnishee or by the attachment defendants.

The judgment of the Circuit Court against the appellants is affirmed.